FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND** 2016 MAR 3 PH 7: 11

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

March 3, 2016

MEMORANDUM TO MR. JACKSON AND COUNSEL

    Re:    *Raymond K. Nelson v. Clinton Jackson*
            Civil Action No. ELH-15-3978

Dear Mr. Jackson and Counsel:

    On December 29, 2015, Raymond K. Nelson, appellant, noted an appeal from an order of the United States Bankruptcy Court for the District of Maryland. ECF 1. On January 21, 2016, the Designation of Record was docketed. ECF 2; ECF 3. By letter of January 22, 2016, the Clerk notified the parties that appellant's brief was due within thirty days from the date of docketing of the Designation of Record.

    On February 25, 2016, appellant filed a "Motion to Enlarge Time to File Appellant's Brief" (the "Motion"). ECF 5. Because the Motion did not indicate the position of appellee, as required by Local Rule 105.9, my Chambers contacted appellant's counsel on February 26, 2016, to inquire if counsel had obtained consent to file the Motion from the appellee, Clinton Jackson. Counsel for appellant informed my chambers that he had not done so.

    On February 29, 2016, appellant filed an "Amended Motion to Enlarge Time to File Appellant's Brief" (the "Amended Motion"). ECF 6. According to the Amended Motion, *id.* at 1:

The Appellant hereby certifies pursuant to the local rules that an attempt was made to obtain the Consent of the Appellee to the Motion to Enlarge Time to File Appellant's Brief. The Appellee is an unrepresented party. Attempt was made via telephone deemed "out-of-service." A further attempt was made via e-mail. The Appellee did not respond to the appellant's attempt to obtain Consent to the Motion.

    By Order of February 29, 2016 (ECF 7), I granted the Amended Motion (ECF 6), enlarging the time to file appellant's brief by fourteen days, and denied the Motion (ECF 5), as moot. The Order also provided that, by March 7, 2016, "appellee may move to rescind this Order on the ground that it was improvidently granted." ECF 7 at 1.

    On March 3, 2016, Mr. Jackson filed a "Motion to Rescind Order, Dated 2/29/16, Granting Amended Motion to Enlarge Time to File Appellant's Brief." ECF 8, the "Motion to Rescind." Mr. Jackson submits that the representations in the Amended Motion are "totally false, frivolous and without merit, with the exception that the undersigned Appellee is Pro Se."

*Id.* ¶ 1. Mr. Jackson maintains, *inter alia*, that his telephone was "'in service'" (*id.* at ¶ 1) and he avers that appellant's counsel failed to provide him with timely notice by email of appellant's intention to request an extension of time. *See id.* ¶ 3. According to attachments that Mr. Jackson appended to his Motion to Rescind, however, counsel for appellant sent Mr. Jackson an email on February 26, 2016, "requesting your consent to enlarge the briefing period." ECF 8-2. Mr. Jackson responded on March 1, 2016, after appellant filed the Amended Motion, indicating his opposition to an extension of time. ECF 8-4. Mr. Jackson also maintains that the reasons given by appellant in support of an extension of time "constitute [an] insufficient basis for granting the [Amended] Motion . . . ." ECF 8 ¶ 7.

In light of the foregoing, by March 10, 2016, appellant is directed to file a response to the Motion to Rescind (ECF 8), to include citations to any legal authority that permit a court to extend the deadline by which to file a brief after the deadline to file the brief has passed.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge

- 2 -