FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAR 23  PM 6: 25

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE

BY _____ _____ DEPUTY

RAYMON K. NELSON,

*Appellant,*

v.                                                          Civil Action No.: ELH-15-03978

CLINTON JACKSON,

*Appellee.*

## MEMORANDUM

On December 29, 2015, Raymon K. Nelson, appellant, noted an appeal from an order of

the United States Bankruptcy Court for the District of Maryland. ECF 1. On January 21, 2016,

the Clerk docketed Appellant's Designation of Record (ECF 2) and Appellee's Designation of

Record. ECF 3. By letter of January 22, 2016, the Clerk notified the parties that appellant's

brief was due within thirty days from the date of docketing of the Designation of Record. ECF 4

at 1. The Clerk also stated, in relevant part, *id.*:

> One or more of the parties in this case is not represented by counsel ("*pro se*").
> *Pro se* parties are to file and serve documents in paper format. The court will scan
> and electronically file any documents submitted by a *pro se* party unless a
> particular document is exempt from electronic filing. The scanned document shall
> constitute the official court record. The court will mail paper copies of any orders
> or other documents entered by the court to any *pro se* party. Counsel shall file
> electronically with the court and serve paper copies of all documents on any *pro
> se* party. Documents filed electronically must include a certificate of service
> stating when and how a paper copy was served on any *pro se* party.

On February 25, 2016, appellant filed a "Motion to Enlarge Time to File Appellant's Brief" (the "Motion"). ECF 5. As the Motion did not reference Local Rule 105.9,[1] my Chambers contacted appellant's counsel to inquire if he complied with Local Rule 105.9. On February 29, 2016, appellant filed an "Amended Motion to Enlarge Time to File Appellant's Brief" (the "Amended Motion"). ECF 6. According to the Amended Motion, *id.* at 1:

> The Appellant hereby certifies pursuant to the local rules that an attempt was made to obtain the Consent of the Appellee to the Motion to Enlarge Time to File Appellant's Brief. The Appellee is an unrepresented party. Attempt was made via telephone deemed "out-of-service." A further attempt was made via e-mail. The Appellee did not respond to the appellant's attempt to obtain Consent to the Motion.

By Order of February 29, 2016 (ECF 7), I granted the Amended Motion (ECF 6), enlarging the time to file appellant's brief by fourteen days. However, my Order also provided that, by March 7, 2016, "appellee may move to rescind this Order on the ground that it was improvidently granted." ECF 7 at 1.

On March 2, 2016, appellee, Clinton Jackson, who is self-represented,[2] filed a "Motion to Rescind Order, Dated 2/29/16, Granting Amended Motion to Enlarge Time to File Appellant's Brief" (the "Motion to Rescind"). ECF 8. Mr. Jackson submits that the representations in the Amended Motion are "totally false, frivolous and without merit, with the exception that the

---

[1] Local Rule 105.9 provides: "Before filing a motion to postpone any proceeding or to extend the time for the filing of any document or the taking of any other required action counsel shall attempt to obtain the consent of other counsel and shall give notice of the motion to other counsel a reasonable time before presentation of the motion to the Court. Counsel shall state in the motion whether the consent of other counsel has been obtained. Where counsel deems it reasonably practicable, counsel also shall try to obtain the consent of an unrepresented party.

[2] According to Mr. Jackson, ECF 14-1 at 4: "Appellee was one of Appellant's legal, tax and financial advisors during the period from 1985 through 1993 and one of Appellant's Consultants (tax, project financing, litigation support, etc.) during the period from 2001 through 4/2010 . . . ."

undersigned Appellee is Pro Se." *Id.* ¶ 1. By Order of March 3, 2016 (ECF 9), I directed the appellant to respond to the Motion to Rescind. *Id.* at 2.

Mr. Jackson filed a "Motion to Dismiss Appeal" (the "Motion to Dismiss") on March 7, 2016. ECF 10. He argues that appellant failed to file his brief within 30 days of the docketing of the Designation of Record, as required by Fed. R. Bankr. P. 8018.[3] *Id.* ¶ 1. The Motion to Dismiss also states, *id.* ¶ 2: "Appellant failed to comply with Fed. R. Bankr. P. 8009(b)(5),[4] based its' [sic] failure to order a transcript of all relevant testimony and copies of all relevant exhibits, notwithstanding the fact that its' [sic] appeal was based upon unsupported findings or conclusion."

On March 10, 2016, appellant filed "Appellant's Brief" (ECF 11), accompanied by an extract from the record of the bankruptcy proceeding. ECF 11-1. On the same date, appellant filed an "Opposition to Motion to Rescind Order, Dated 2/29/16, Granting Amended Motion to Enlarge Time to File Appellant's Brief." ECF 12. Appellant avers that the Motion to Rescind (ECF 8) contains numerous factual misrepresentations. *See* ECF 12 ¶¶ 1-23. He maintains that, pursuant to Local Rule 105.9, he was not required to seek Mr. Jackson's consent before filing his Amended Motion (ECF 6). ECF 12 ¶¶ 26-31. In any event, appellant submits that, pursuant to

---

[3] Fed. R. Bankr. P. 8018(a)(1) provides: "The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically."

[4] Fed. R. Bankr. P. 8009(b)(5) provides: "If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits."

Local Rule 604,[5] the Court may suspend any local rule where "no person is deprived of fairness under the law." ECF 12 ¶ 33; *see id.* ¶¶ 32-34.

Also on March 10, 2016, appellant filed an "Opposition to Motion to Dismiss Appeal." ECF 13. He asserts that "the Transcript was Ordered and the Court was informed on or about January 5, 2016." *Id.* ¶ 5; *see* ECF 2-2, "Notice of Ordering of Transcript to be Included in the Record on Appeal."

On March 14, 2016, appellee filed a "Reply to Opposition to Motion to Rescind Order, Dated 2/29/16, Granting Amended Motion to Enlarge Time to File Appellant's Brief." ECF 14. And, on March 16, 2016, appellee filed a "Reply to Opposition to Motion to Dismiss Appeal." ECF 15. Mr. Jackson's submissions are not a model of clarity. In relevant part, he reiterates that appellant failed to file a brief within the deadline set forth by Fed. R. Bankr. P. 8018 (ECF 15 ¶ 4) and avers that his Motion to Rescind (ECF 8) should be granted. *See* ECF 14 ¶ 1. Appellee also accuses appellant of attempting "to bully its' [sic] way to secure its' [sic] extension of time" by threatening appellee with sanctions pursuant to Fed R. Civ. P. 11 and its counterpart Fed. R. Bankr. P. 9011. ECF 14 ¶ 4; *see* ECF 14-2 at 7-8, Rule 9011/Rule 11 Letter from Williams C. Johnson, Jr., to Clinton Jackson, dated March 9, 2016.

Notably, Mr. Jackson appears to abandon his contention that appellant failed to order a transcript of the relevant underlying bankruptcy proceedings, pursuant Fed. R. Bankr. P. 8009. *See* ECF 15 at 2. Rather, Mr. Jackson now maintains that appellant failed to provide him with "notice and/or serve a paper copy of the transcript," in violation of "Fed. R. Bankr. P. 8010 and

---

[5] Local Rule 604 provides: "For good cause shown, the Court may, in a particular case, suspend the provisions of any of these Rules upon application of a party or upon its own motion and may order proceedings in accordance with its direction."

this Court's Orders . . . ."[6] ECF 15 ¶ 2. He also contends that appellant only provided him with a copy of the Notice of Ordering of the Transcript on March 9, 2016, in violation of Fed. R. Bankr. P. 8009(b)(5). *Id.* ¶ 3.

When deciding whether to dismiss an appeal as untimely filed, in violation of Fed. R. Bankr. P. 8018, the Court must consider: "(1) whether there has been bad faith or negligence on the part of the appellant; (2) whether appellant had 'notice or an opportunity to explain the delay'; (3) 'whether the delay had any possible prejudicial effect on the other parties'; and (4) the 'impact of the sanction and available alternatives.'" *Zewdie v. PNC Bank, N.A.*, PJM-15-2167, 2016 WL 640804, at *1 (D. Md. Feb. 18, 2016) (quoting *In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995)); *see In re Silver Spring Family Med. Ctr., LLC*, TDC-15-1834, 2016 WL 827387, at *3 (D. Md. Mar. 3, 2016) ("When deciding whether to dismiss an appeal for an untimely, non-jurisdictional filing, the court considers whether (1) the appellant acted in bad faith or negligently; (2) the appellant had an opportunity to explain the delay; (3) the delay prejudiced the appellee; and (4) sanctions short of dismissal would be appropriate.")

*In re SPR Corp.*, 45 F.3d at 74, the Fourth Circuit explained:

> [A] proper application of [this] test will normally require a district court to consider and balance all relevant factors, including the good faith of the appellant (*see* step one) and possible prejudice to other parties (*see* step three). Finally, throughout the process a district court should bear in mind that, although dismissal is an option, less drastic alternatives must be considered (*see* step four).

---

[6] Fed. R. Bankr. P. 8010 generally concerns the compilation and transmission of the record. It is unclear which portion of Fed. R. Bankr. P. 8010 Mr. Jackson maintains that appellant violated. I presume that Mr. Jackson refers to the Clerk's letter of January 22, 2016. ECF 4.

Local Rule 404.3 is also relevant. It provides:

> Whenever the appellant fails to serve and file a brief within the time required by Bankruptcy Rule 8018, the District Court may, upon motion of the appellee (to be filed in the District Court) or upon its own initiative, dismiss the appeal after giving the appellant an opportunity to explain the non-compliance and upon considering whether the noncompliance had prejudicial effect on the other parties.

I detect no bad faith on the part of appellant. For example, in appellant's Amended Motion (ECF 6 at 1-2), appellant's counsel represented that he had attempted to contact Mr. Jackson before filing the Amended Motion, but had not received a response. Appellee's own submissions indicate that appellant's counsel solicited appellee's consent by email on February 26, 2016. ECF 8-2 at 2. Mr. Jackson only communicated his opposition to the Amended Motion on March 1, 2016 (ECF 8-4 at 2), well after appellant had filed the Amended Motion. ECF 6. Notably, the Amended Motion never stated that Mr. Jackson consented to the Amended Motion—only that appellant's counsel had not received a response. *See id.* at 1.

Appellant has also explained the delay in filing his brief. In his Amended Motion (ECF 6), appellant's counsel submitted, *inter alia*, that he had "participated in an extensive trial and hearing schedule that was delayed due to the Christmas Holiday season" (*id.* ¶ 2); that he had "participated in a Professional Conference on or about January 21, 2016" (*id.* ¶ 4); and that he "was forced to remain out of state for an addition four (4) days" following the blizzard in late January. *Id.* ¶ 5. To be sure, the explanations that appellant's counsel proffers for the delay are not especially convincing, particularly as the brief was due in late February and appellant first sought an extension of time almost a week after the brief was due. ECF 6.

6

Nevertheless, Mr. Jackson has does not identified any prejudice as a result of appellant's delay in filing his brief and I can find none. Nor has appellee been prejudiced by appellant's alleged failure to provide appellee with a copy of some of appellant's submissions.

Moreover, even assuming, as Mr. Jackson avers (ECF 15 ¶¶ 2-3), that he did not receive a copy of the Notice of Ordering of the Transcript until March 9, 2016, and may not have received a copy of the transcript, there is no apparent prejudice to Mr. Jackson. Indeed, Mr. Jackson was well aware that appellant had filed a bankruptcy appeal. On January 15, 2016, Mr. Jackson signed a "Plaintiff's Designation of Additional Items to be Included in the Record on Appeal." ECF 3 at 2. Moreover, the Clerk sent a copy to Mr. Jackson of its letter of January 22, 2016. ECF 4 at 1. It indicated that a bankruptcy appeal had been noted. *Id.* Mr. Jackson was thus on notice of the bankruptcy appeal more than a month before appellant's brief was due.

Finally, I am mindful that the Fourth Circuit has cautioned that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline . . . [is] a harsh sanction which a district court must not impose lightly." *In re SPR Corp.*, 45 F.3d at 73 (citation and quotation marks omitted) (alteration in original). Dismissal is not warranted here.

A separate Order follows, consistent with this Memorandum.

Date: March 23, 2016                                    /s/
                                                        Ellen Lipton Hollander
                                                        United States District Judge